UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MICHELLE A. GOMBAR, | : | |
| | : | |
| Debtor(s). | : | CASE NO. 5-25-00716 |

*************************************************************************

| | |
|---|---|
| JACK N. ZAHAROPOULOS, | : |
| STANDING CHAPTER 13 TRUSTEE, | : |
| | : |
| Movant, | : |
| | : |
| vs. | : |
| MICHELLE A. GOMBAR, | : |
| | : |
| Respondent. | : |

*************************************************************************

**DEBTOR'S BRIEF IN OPPOSITION TO CHAPTER 13 TRUSTEE'S OBJECTION
TO FIRST AMENDED CHAPTER 13 PLAN**

*************************************************************************

**NOW COMES** Respondents/Debtor, Michelle Gombar, by and through her attorney Tullio DeLuca, Esquire and files this Brief in Opposition to the Chapter 13 Trustee's Objection to First Amended Chapter 13 Plan ("Objection"), filed on July 23, 2025.

**I.  BACKGROUND**

On March 29, 2025, debtor Michelle Gombar ("Debtor") filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court. The Debtor filed her schedules, statements, and Chapter 13 plan the same day.

On July 10, 2025, the Debtor filed an amended Chapter 13 Plan ("Amended Plan"). In her Amended Plan, the Debtor proposes to pay creditors a base amount of $19,430.00 over 60 months. The Debtor specially classified an unsecured IRS tax debt that she owes with her non-filing spouse for her 2018 personal income tax liability.

The Chapter 13 Trustee filed his Objection arguing that the Amended Plan violates 11 U.S.C. §1322(b)(1). More specifically, the Trustee argues that co-debtor liability on a claim is not a basis for special classification, and even if it were, the designation unfairly discriminates against unsecured creditors.

## II. ARGUMENT

The Bankruptcy Code authorizes classification of unsecured claims in Chapter 13. 11 U.S.C. §1322 (b)(1) provides, a plan may:

> designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

Separate classification of unsecured claims is allowed by §1322(b)(1) so long as any discrimination in such classification is not "unfair." See In re Bennett, 615 B.R. 384, 394 (Bankr. N.D.N.Y. 2020).

The Court in In re Linton explained that this provision of the Bankruptcy Code was added by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. 98-353, because Congress was concerned that "[a]lthough there may be no theoretical difference between codebtor claims and others, there are important practical differences." Linton, 2011 Bankr. LEXIS 2939 (Bankr. E.D. Va. July 27, 2011) (quoting 8 Alan Resnick and Henry J. Sommer, Collier on Bankruptcy ¶ 1322.05[2] (16th ed. 2010)). The Linton Court recognized the importance of the interplay between §1301(a), the co-debtor stay, and §1322(b)(1), the classification of unsecured claims, noting that

> the protection offered by the co-debtor stay in § 1301(a), Bankruptcy Code—which exists as much for the benefit of the debtor as the non filing co-debtor—would be greatly undermined if such co-signed debts were not paid in full, since one of the grounds for termination of the co-debtor stay is that the plan does not propose to pay the claim. §1301(b)(2), Bankruptcy Code; see Keith M. Lundin and William H. Brown, Chapter 13 Bankruptcy, 4th Ed., § 150.1 at ¶ 4 ("Typically, a Chapter 13 debtor wants to separately classify a co-signed unsecured debt for payment in full to protect the co-signer from collection.").

Id.

The Linton Court found it permissible to separately classify joint debt held with the debtor's non-filing spouse and found no unfair discrimination when the other unsecured creditors would be receiving a 5 to 6 % dividend while the joint unsecured debt would be paid in full. Id. The Court there stated that

> the separate classification, even if largely motivated by a desire to assist the debtor's wife, will nevertheless enhance the debtor's rehabilitation by leaving the household with less surviving debt than it would otherwise have. Although unquestionably a close case, the court is satisfied that the degree of discrimination proposed in the plan does not violate Congress's intent in allowing unsecured consumer debts on which a non-debtor is jointly liable to be treated "differently" than other unsecured debts.

It is clear that pursuant to §1322(b)(1), the Debtor is permitted to designate a separate class of unsecured creditors. In this case, the unsecured debt is one in which a co-debtor is liable on the claim. Both the Debtor and her non-filing spouse owe personal income taxes to the IRS for the tax year 2018. This tax debt is unlike the Debtor's other unsecured debt because tax liabilities are generally not considered a "consumer debt", and therefore, is not protected by the co-debtor stay pursuant to §1301(a). See In re Durr, 2024 Bankr. LEXIS 2102, *4 (Bankr. M.D. Fla. 2024) (income taxes are not consumer debt for purposes of Section 1301). Because the

Bankruptcy Code does not protect the Debtor's non-filing spouse with respect to the tax debt, the IRS would be free to pursue collection efforts against the co-debtor during the pendency of the Debtor's bankruptcy case. Because of this potential collection effort, there is a reasonable basis to place the IRS in a special class of claims. See In re Thibodeau, 248 B.R. 699 (Bankr. D. Mass. 2000) (finding "debtor has a legitimate interest in emerging from the Plan without a substantial unsecured debt burden").

The only question that remains is whether the special classification unfairly discriminates. The Bankruptcy Code does not define "unfair" discrimination, and thus, courts have resorted to analyzing certain factors, including whether: the discrimination has a reasonable basis; the debtor can carry out a plan without the discrimination; the discrimination is proposed in good faith; and the degree of discrimination is directly related to the basis or rationale for the discrimination. In re Leser, 939 F.2d 669, 672 (8th Cir. 1991); accord In re Wolff, 22 B.R. 510 (B.A.P. 9th Cir. 1982).

The Debtor has already addressed the first factor - there is a reasonable basis to separately classify the IRS debt because it is not considered consumer debt and the Debtor's non-filing spouse is not protected by the co-debtor stay with respect to this debt. Therefore it is critical that the Debtor provide for the IRS debt in her Amended Plan and pay that debt in full during her bankruptcy case. Otherwise, the co-debtor may be required to pay if the IRS opts to attempt to collect against him. See In Janssen, 220 B.R. 639 (Bankr. N.D. Iowa 1998) (finding reasonable basis to separately classify co-signed debts in order to protect debtor's father from collection). The Debtor has already committed her net income to funding the Amended Plan and she does not have discretionary income to pay the IRS debt outside the plan.

As to the second factor, the Debtor cannot carry out the plan without the discrimination

because she is not able to fund a 100% plan. She has committed her net disposable income to the Amended Plan, and without the special classification, unsecured creditors will receive a pro rata distribution on their claims. Without the classification unsecured creditors, including the IRS, would receive approximately 16 - 17% on their claims. The co-debtor would remain liable for the balance. There is a significant disparity (100% vs. 16-17%) in the percentage allocated to the IRS under the classification; however, the special classification is necessary because the IRS could attempt collection on the balance of the claim against the co-debtor at any time. Such a scenario would greatly diminish the purpose of the Debtor's bankruptcy case and plan.

As to the third and fourth factors, the Debtor has proposed the special classification in good faith and the level of disparate treatment corresponds to the basis for the special classification. Again as stated above, the Debtor must pay the IRS debt in full, otherwise, it will leave the co-debtor open to collection efforts. The Debtor does not have the ability to pay all unsecured creditors in full, therefore, she has allocated a portion of her net disposable income to be paid pro rata to her general unsecured creditors. See Thibodeau, 248 B.R. 699 ("a Plan that proposes to discriminate against a class of creditors is not filed in good faith where the Debtor does not apply the entire amount of her excess income towards paying her creditors").

### III. CONCLUSION

Section 1322(b)(1) permits the Debtor to separately classify the 2018 tax liability to the IRS because the Debtor's non-filing spouse is also liable for debt. Since the tax debt is not a consumer debt, the co-debtor stay under §1301 is not applicable and the Debtor's non-filing spouse would be subject to collection activity if the Debtor does not provide for the debt in full in her Amended Plan. As outlined above, the classification meets the Leser factors and does not

unfairly discriminate as to other unsecured creditors.

Accordingly, the Debtor requests that the Court overrule the Chapter 13 Trustee's Objection and enter an order confirming the Debtor's Amended Plan.

Date: September 4, 2025

*/s/ Tullio DeLuca*
Tullio DeLuca, Esquire
PA ID 59887
Counsel for Debtor
381 N. 9th Avenue
Scranton, PA 18504
(570) 347-7764

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
MICHELLE A. GOMBAR, :
:
    Debtor(s). : CASE NO. 5-25-00716

*************************************************************************

JACK N. ZAHAROPOULOS, :
STANDING CHAPTER 13 TRUSTEE, :
:
    Movant, :
:
vs. :
MICHELLE A. GOMBAR, :
:
    Respondent. :

*************************************************************************

**CERTIFICATE OF SERVICE**

*************************************************************************

The undersigned hereby certifies that on September 4, 2025, he caused a true and correct copy of the Debtor's Brief in Opposition to the Chapter 13 Trustee's Objection to First Amended Chapter 13 Plan to be served via ECF electronic notification in the above-referenced case, on the following:

Jack N. Zaharopoulos, Esq. at info@pamd13trustee.com

Dated: September 4, 2025

                                                              Tullio DeLuca, Esquire